# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA WILSON,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>WILLARD E. JOHNSON, II, doing  )<br>business as THE COLONIAL ART  )<br>GALLERY & CO.,  )<br>  )<br>    Defendant.  ) | Case No. CIV-05-0921-F |

## ORDER

"Defendant's Motion to Dismiss on Statute of Limitations Grounds Under Fed. R. Civ. P. 12(b)(6)," filed September 2, 2005, is before the court. (Doc. no. 10.) Plaintiff has replied, and the motion is ready for determination.

The standard for evaluating a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is well established. Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Defendant contends that, as revealed by allegations in the Complaint and documents incorporated in the Complaint as exhibits, this action is necessarily foreclosed by limitations. After a careful review of the Complaint, however, the court

finds that certain facts which must be established before the merits of defendant's limitations defense can be known are not alleged. For example, the Complaint alleges fraud but not the date upon which plaintiff allegedly learned of the fraud. The Complaint also alleges breach of contract. It references an appraisal, attached as Exhibit B to the Complaint, which the Complaint alleges was faxed to plaintiff's divorce counsel on January 9, 2001. The Complaint alleges that, "in reliance upon Defendant's Appraisal, representations and warranties, Plaintiff accepted title and possession of the Artwork pursuant to a Property Settlement Agreement with her former husband...[and ] Plaintiff has sustained significant losses due to her reliance upon Defendant's unsubstantiated, fraudulent and defective Appraisal." (Complaint, ¶ 3.4, factual predicate for all of plaintiff's claims.) Thus, the Complaint relies on representations and warranties beyond those suggested by the appraisal, but the date of these other representations and warranties is not alleged. Additionally, plaintiff contends in her response brief that, as late as February 10, 2003 (a date taken from Exhibit A to the Complaint), defendant "continued to assure the Plaintiff that the artwork [in question] was authentic and valuable." (Response brief, p. 8.)

For these and other reasons, the court cannot conclude from the face of the Complaint that plaintiff's cause of action is necessarily barred by limitations. Without pre-judging the ultimate merits of any limitations defense which might be offered at a later stage, the court determines that defendant is not entitled to dismissal of this action for failure to state a claim. Defendant's motion to dismiss under Rule 12(b)(6) is **DENIED**.

Dated this 27th day of September, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0921p002(pub).wpd