**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PATRICIA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  CIV-05-0921-F |
| | ) |
| WILLARD E. JOHNSON, II, doing | ) |
| business as THE COLONIAL ART | ) |
| GALLERY & CO., | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

Defendant's "Motion to Dismiss on Statute of Limitations Grounds under Fed. R. Civ. P. 12(b)(6), or, in the Alternative, Defendant's Motion for Summary Judgment under Rule 56(c)," filed April 28, 2006, is before the court.  (Doc. no. 34.)  Plaintiff has responded, and the motion is ready for determination.

### I.  <u>Background</u>[1]

This action involves claims by the plaintiff, Patricia Wilson, that the defendant, Willard Johnson (an individual doing business as the Colonial Art Gallery & Co.), damaged plaintiff when, on an on-going basis, defendant misrepresented the authenticity and value of several pieces of art which plaintiff and her ex-husband purchased from defendant.  The action alleges a series of injurious actions involving this art, including misrepresentations and contract breaches beginning approximately eight years before the First Amended Complaint was filed and continuing through at least February 10, 2003, when defendant is alleged to have provided false provenance

---

[1]The descriptions of events and claims stated in this section do not constitute fact-findings. The only purpose of this section is to provide context for the court's rulings stated later in this order.

information for the works in question.   (The February 10, 2003 provenance information is attached to plaintiff's response brief as Ex. 5.)   The First Amended Complaint (doc. no. 22) alleges claims for breach of contract, negligence, gross negligence, fraud, and violation of the Oklahoma Consumer Protection Act.

## II. Discussion

Defendant moves to dismiss this action under Rule 12(b)(6).   Alternatively, defendant seeks summary judgment in his favor on all claims under Rule 56. Although some statements in defendant's brief suggest other arguments,[2] defendant's brief primarily makes the argument that plaintiff's claims are time-barred.   The title of defendant's brief even references "statute of limitations grounds."   To the extent that defendant might have intended to raise other grounds in support of his motion, the court rejects those other grounds as presented without developed argument, disjointed, not properly supported with citations to record evidence, or supported with inaccurate representations of the record evidence.   In other words, the court finds and concludes that defendant has failed to meet his burden at this stage with respect to all arguments

---

[2]These other arguments include statements challenging the existence of any evidence of damages (moving brief, p.6); challenging the consignment agreement as "not the subject matter of this lawsuit" (moving brief, p. 6), although, as discussed later in this order, the First Amended Complaint clearly alleges claims based on that agreement; challenging consideration for certain contracts (moving brief, p. 7); challenging the sufficiency of the complaint on the ground that plaintiff fails to allege fraud with particularity (although the First Amended Complaint is  specific regarding the alleged fraud) (moving brief, p.9); challenging the transactions in question on the ground that they would not have been covered by amendments to the Consumer Protection Act but without identifying which amendments would not apply (moving brief, p. 10); and challenging the existence of any contractual relationship between plaintiff and defendant (moving brief, p. 12) (defendant is correct that the April 3, 2000 appraisal states that it is "for" Kenneth Wilson, but this does not necessarily establish that the work was not equally for Kenneth Wilson's wife at the time, plaintiff Patricia Wilson; the complaint also alleges breaches of other contractual obligations, express and implied).

which defendant propounds in addition to his limitations argument.  As a result, the balance of this order addresses only defendant's limitations arguments.

## A. <u>Motion to Dismiss</u>

Because defendant relies on materials outside the pleadings, his motion is not properly considered as a motion to dismiss and must instead be considered as a motion for summary judgment under Rule 56.  *See*, Rule 12(b)(6), Fed. R. Civ. P.  Therefore, to the extent the motion seeks dismissal under Rule 12(b)(6), it should be stricken as improper.[3]  There is no need to convert defendant's motion to dismiss to a motion for summary judgment because the motion was originally filed (alternatively) as a motion for summary judgment.  Plaintiff has recognized that defendant's motion is properly considered as one for summary judgment and has responded accordingly.

## B. <u>Motion for Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant.

---

[3]Furthermore, although this motion to dismiss goes to the First Amended Complaint,  it is basically a successive motion because the court previously denied a motion to dismiss the original complaint which made the same limitations arguments.  (Order at doc. no. 12.)

United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## 1. Tort Claims

A two-year period applies to plaintiff's fraud and negligence claims, both of which must be brought within two years of the discovery of the fraud.  95 O.S. §95A.3.  The Oklahoma "discovery rule" provides that in tort cases the limitations period does not begin to run until the date the plaintiff knew or should have known of the injury.  Samuel Roberts Noble Found., Inc. v. Vick, 840 P.2d 619, 624 (Okla. 1992).  The Oklahoma Supreme Court has recognized that summary judgment on a statute of limitations defense in favor of the asserting party may sometimes be appropriate but only where there is no dispute as to time the limitation period began to run or the running of the limitation period.  MBA Commercial Constr., Inc. v. Roy J. Hannaford Co., 818 P.2d 469, 472 (Okla. 1991).

Plaintiff's affidavit states that as late as February of 2003, defendant provided plaintiff with detailed provenance information for each piece of art, and that plaintiff believed defendant's representations that the artwork was authentic and valuable because defendant kept reassuring her that the artwork was what he claimed. (Response brief, Ex. 1, ¶¶ 13-14.)  Plaintiff's affidavit states that "after attempting to investigate the artwork for [the next] 9 months [after the date of the last provenance information provided by the defendant, February 10, 2003] until December of 2003," she decided in early 2004 that legal action was necessary "to verify the provenance information." (Response brief, Ex. 1, ¶ 17.)  Plaintiff further states that "[w]hen the lawsuit was filed, we were able to subpoena records from Sotheby's and track down

-4-

and subpoena Dr. Ron Bullard." (Response brief, Ex. 1, ¶ 17.)[4]   Plaintiff's affidavit states that "[i]t was only in late 2005...that I was able to finally confirm that Mr. Johnson's provenance information that he supplied to me for the artwork was false...." (Response brief, Ex. 1, p. 4, ¶ 18.)

Plaintiff's affidavit creates genuine issues of material fact regarding the date upon which plaintiff's tort claims can be said to have accrued for limitations purposes under Oklahoma's discovery rule.  Accordingly, the court finds and concludes that defendant has failed to establish that any of plaintiff's negligence or fraud claims are time-barred as a matter of law.

## 2.  Contract Claims

Plaintiff's contract  claims are governed by a three-year limitations period if the claims are based on implied contracts not in writing, and by a five-year period to the extent they are based on a written agreement.  12 O.S. § 95A.1, 2.[5]   Defendant makes little developed argument regarding his limitations defense to plaintiff's contract claims.  Defendant states, "Plaintiff has no evidence that she ever entered into a contractual agreement with Defendant Johnson, other than consigning the items of art work to the Defendant in December 2001."  (Moving brief, p. 6.)  Defendant then states, "That consignment agreement is not the subject matter of this lawsuit and was rescinded by Plaintiff in March 2002."   (Moving brief, p. 6.)   However, the consignment agreement is referenced in the First Amended Complaint and is clearly

---

[4]The February 10, 2003 provenance information lists Sotheby's as a source of a pencil drawing by Camille Pisarro and lists Dr. Ron Bullard as a source of an oil on canvas painting by Robert Emmett Owens.  (Response brief, Ex. 5.)

[5]The discovery rule which applies to tort claims in Oklahoma does not apply to claims based on contract theories of recovery. Kiamichi Elec. Co-op v. Underwood, 842 P.2d 358 (Okla. Civ. App. 1992), citing Reynolds v. Porter, 760 P.2d 816, 820 n.8 (Okla. 1988) (the discovery rule is available in tort cases).

alleged as one basis for this action.  (*See*, *e.g.,* First Amended Complaint, ¶ 3.6, ¶ 4.1)  Moreover, the date of the written consignment contract, December 6, 2001, is less than five years prior to the date this action was commenced on August 11, 2005.  (See consignment papers, response brief, Ex. 4.)  Plaintiff has also alleged contractual obligations associated with the written provenance information dated February 10, 2003, a date which is less than three years prior to the commencement of this action on August 11, 2005.

The court finds and concludes that defendant has failed to establish that any of plaintiff's contract claims, express or implied, are time-barred as a matter of law.

### 3.  Consumer Protection Act Claims

Defendant asserts (with no citation) that the statute of limitations applicable to claims brought under the Oklahoma Consumer Protection Act is two years.  (Moving brief, p. 10.)  The Oklahoma Consumer Protection Act does not contain its own statute of limitations.  Title 12 O.S. § 95A.2. provides that a three-year period applies to "[a]n action upon a liability created by statute other than a forfeiture or penalty."  Private claims for damages under the Consumer Protection Act (as opposed to claims brought by the Attorney General) are remedial claims, not punitive claims.  Fuller v. Sight-N Sound Appliance Centers, Inc., 982 P.2d 528, 532 (Okla. Civ. App. 1999).  As remedial claims, a three-year limitations period applies to plaintiff's Consumer Protection Act claims.  *Id.*  Plaintiff has identified allegedly false statements in writing dated as late as February 10, 2003, a date which comes within the three-year period prior to the filing of this action.   (Response brief, Exhibit 5.)

The court finds and concludes that defendant has not shown that plaintiff's claims under the Oklahoma Consumer Protection Act are necessarily time-barred.

-6-

<u>Conclusion</u>

After careful review of the parties' submissions, the record, and the relevant authorities, the court determines that defendant has not established a limitations defense to any of plaintiff's claims as a matter of law because there are disputed issues of material fact with respect to all limitations issues.  To the extent defendant's motion seeks dismissal, it is **STRICKEN** because the motion relies on matters outside the pleadings.  To the extent defendant's motion seeks summary judgment in defendant's favor, it is **DENIED**.

Dated this 5th day of June, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0921p009(pub).wpd